UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID ALLEN CORNELL,<br><br>Petitioner,<br><br>vs.<br><br>K. BENNETT, WARDEN YANKTON FPC,<br><br>Respondent. | 4:21-CV-04056-RAL<br><br><br>ORDER DIRECTING PAYMENT OF $5 FEE AND THEREAFTER DIRECTING SERVICE AND REQUIRING RESPONSE |

On April 7, 2021, David Allen Cornell, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner has not moved for leave to proceed in forma pauperis. Accordingly, Petitioner must pay the $5 filing fee.

Petitioner seeks to redeem earned-time credits under the First Step Act. Doc. 1 at 2. A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner brought his petition in the correct district in that he is imprisoned in Yankton, South Dakota. Doc. 1 at 1. Only after a prisoner exhausts administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly

exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). The exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A habeas petition can be excused from exhaustion requirements if the process would be futile and serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).

Here, Petitioner claims that he is still waiting for the response of his administrative appeal. Doc. 1 at 3. Once the Bureau of Prison's Central Office has rendered a decision on that administrative appeal, the administrative process is fully exhausted. See 28 C.F.R. §§ 542.14-542.15 (2021). Although it appears Petitioner has more steps of the administrative process to complete, he alleges that he is due for immediate release. Doc. 1 at 6. From a reading of the petition itself, this Court cannot determine with confidence that it "plainly appears" that Petitioner is not entitled to any relief here, although ultimately that may be the case.

Finally, Petitioner filed an "emergency habeas motion for immediate release" due to false imprisonment. Doc. 2. After review of the motion, Petitioner claims that if his earned time credits were applied, he is entitled to immediate release. See id. The claim asserted in his emergency motion is essentially the same claim contained in his petition, which would appear to be contested given that Cornell remains in custody. Cornell's emergency motion, Doc. 2, is denied without prejudice to re-filing a similar request once the $5 filing fee is paid and the petition has been served.

Therefore, it is hereby

ORDERED that Petitioner pay to the Clerk of Court the $5 filing fee. It is further

ORDERED that the Clerk of Court, upon receipt of the $5 filing fee, arrange to serve a copy of all pleadings of record and this Order on Respondent. It is further

ORDERED that Respondent file an answer, and if he so chooses, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is further

ORDERED that Petitioner's emergency habeas motion for immediate release, Doc. 2, is denied without prejudice to later re-filing.

DATED April 8, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE